

# The Attorney General of Texas

August 16, 1979

MARK WHITE
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable George Cowden
Chairman
Public Utility Commission
of Texas
7800 Shoal Creek Boulevard
Austin, Texas 78757

Opinion No. MW-45

Re: Whether a cooperative effort of various industries to jointly operate an entity cogenerating electricity causes the entity to be a public utility.

Dear Chairman Cowden:

You have requested our opinion concerning the classification of cogeneration projects under the Public Utility Regulatory Act, article 1446c, V.T.C.S.

Your question primarily involves section 3(c) of the Act which provides in pertinent part:

> (c) The term 'public utility' or 'utility,' when used in this Act, includes any person, corporation, river authority, cooperative corporation, or any combination thereof, other than a municipal corporation, or their lessees, trustees, and receivers, now or hereafter owning or operating for compensation in this state equipment or facilities for:
>
> (1) producing, generating, transmitting, distributing, selling, or furnishing electricity ('electric utilities' hereinafter); . . . .
>
> . . . .
>
> (4) . . . The term 'public utility' or 'utility' shall not include any person or corporation not otherwise a public utility that furnishes the services or commodity described in any paragraph of this subsection only to itself, its employees, or tenants as an incident of such employee service or tenancy, when such service or commodity is not resold to or used by others.

Your question involves the status of certain industrial concerns which can cogenerate electricity as a by-product of their normal industrial processes. The cogeneration project is proposed to be conducted by a Texas general partnership composed of four non-regulated corporations.

The project will replace existing conventional oil/gas boilers at plants individually owned by each partner with a single coal or lignite fired cogeneration steam plant. The plant will burn coal or lignite to convert water to high pressure steam. The high pressure steam will pass through turbines to produce 180 megawatts of electricity. The cogeneration plant will consume approximately sixty megawatts, leaving 120 megawatts available for export. The high pressure steam after passing through the turbine will automatically drop to a lower pressure steam which will be delivered to the corporate partner's plants for use as process steam. The partners will consume the entire output of the partnership.

You ask if the partnership or the partners will be a public utility as defined in the Act. As defined in section 3(c) of the Act, a corporate partnership is the type of entity which would be a public utility if it owned or operated for compensation facilities described in section 3(c)(1) as being for the production, generation, transmission, distribution, sale or furnishing of electricity. The partnership is clearly an entity which will own facilities used for the generation of electricity for compensation, and without an exemption, would be a public utility under the Act.

The legislature recognized when it passed the Act that it did not intend to regulate entities which were furnishing utility service to themselves. The public interest in regulating utilities as defined in the Act is expressed in section 2 of the Act.

> Sec. 2.  This Act is enacted to protect the public interest inherent in the rates and services of public utilities. The legislature finds that public utilities are by definition monopolies in the areas they serve; that therefore the normal forces of competition which operate to regulate prices in a free enterprise society do not operate; and that therefore utility rates, operations and services are regulated by public agencies, with the objective that such regulation shall operate as a substitute for such competition. The purpose of this Act is to establish a comprehensive regulatory system which is adequate to the task of regulating public utilities as defined by this Act, to assure rates, operations, and services which are just and reasonable to the consumers and to the utilities.

The legislature in section 3(c)(4) exempted from regulation an entity which furnished utility service solely to itself. It is clear from the language of section 3(c)(4) that if each corporation built its own individual cogeneration facility, each one would meet the exception and would not be a public utility under the Act.

We recognize that Texas has favored the entity rather than the aggregate theory in the Texas Uniform Partnership Act, article 6132b, V.T.C.S. See Source and Comments, Alan R. Bromberg, following section 1 of article 6132b. The comments, however, also emphasize that the entity theory has been used when it accords with business usage.

The decision as to whether a cogeneration project conducted by a Texas general partnership would be a public utility is a new regulatory issue. It is not the type of business decision referred to in the comments to the Texas Uniform Partnership Act which caused entity treatment of many partnership transactions. In addition, the Texas Uniform Partnership Act still accords aggregate treatment to some partnership transactions. For example, section 15 of the Texas Uniform Partnership Act makes all partners liable jointly and severally for all debts and obligations of the partnership. We, therefore, conclude that the aggregate theory should be followed in determining whether the partnership is supplying electricity to itself within the meaning of section 3(c)(4) when it supplies electricity to the plants owned by the partners. It is our opinion that the legislature intended to exempt a partnership in which the commodity is consumed entirely by the partnership and its corporate partners. To hold otherwise would ignore legislative intent and elevate form over the substance of the transaction.

## SUMMARY

A cogeneration facility owned by a partnership which furnishes electricity solely to the corporate partners is not a public utility under the Public Utility Regulatory Act.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Joyce Beasley
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
Joyce Beasley

Honorable George Cowden   -   Page Four   (MW-45)


David B. Brooks
Rick Gilpin
William G Reid